IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ALLEN SLOAT, #09037-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00917-SMY ) |
| UNITED STATES OF AMERICA and DEPARTMENT OF JUSTICE, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Sloat, an inmate who is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this *pro se* action against the United States of America and Department of Justice pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (Doc. 1). According to the Complaint, Plaintiff was denied necessary dental surgery and dentures at FCI-Greenville for more than four years (Doc. 1, pp. 1-6). Federal officials were allegedly aware of Plaintiff's urgent dental needs and ignored them. As a result, he endured disfigurement, pain, bleeding gums and difficulty eating, among other things (*id*. at 6). Plaintiff now brings an FTCA claim based on the negligence and/or deliberate indifference of federal officials at FCI-Greenville (*id*. at 1-5). He seeks monetary relief (*id*.).

## Merits Review Under 28 U.S.C. § 1915A

This matter is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss

any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's Complaint does not survive screening under this standard and shall be dismissed.

## The Complaint

On April 9, 2012, Plaintiff underwent a dental screening at FCI-Greenville (Doc. 1, p. 1). At the time, he was missing all thirty-two teeth (*id*. at 1-2). He suffered from disfigurement, headaches, bleeding gums and infection (*id*. at 1-2, 4). He also had difficulty chewing, swallowing and digesting food. Plaintiff complained about each of these problems to members of the staff in FCI-Greenville's Health Services Unit ("HSU") many times (*id*. at 2).

On June 6, 2012, Plaintiff received a recommendation for dentures. Before he could be fitted for a dental prosthesis, Plaintiff was told that he would need to undergo "tori removal and mandibular [a]nterior vestibuloplasty," a form of pre-prosthetic surgery (*id*.). Doctor Hartnagel met with Plaintiff to discuss the surgery on August 12, 2012. At this appointment, Doctor Hartnagel ordered radiographs. Plaintiff waited several months after the appointment to hear from Doctor Hartnagel, but he heard nothing from the dentist or anyone else in the HSU (*id*.).

On December 11, 2012, Plaintiff submitted a written inquiry regarding the status of his case. Only then did Plaintiff learn that he had been placed on the waiting list for surgery and dentures. Almost three more years passed without surgery or dentures (*id*.).

On August 7, 2015, Plaintiff again visited the HSU to discuss his dental concerns. At the appointment, he complained of continued difficulty chewing and eating. Plaintiff explained that he had been waiting for dentures for nearly four years (*id*.).

On August 12, 2015, Doctor Hartnagel noted in Plaintiff's dental records that he needed "[b]ilateral [m]andibular, and [t]ori [r]emoval" along with "[m]andibular [a]nterior [v]estibuloplasty" (*id*.). On August 20, 2015, Doctor Swanson indicated that both procedures could be completed on the same day. Doctor Hartnagel's records from October 9, 2015, include a similar note. Plaintiff's case was referred to the regional office for approval (*id*. at 3). Surgery was tentatively scheduled for November 2, 2015 (*id*. at 2).

On or around November 18, 2015, Plaintiff underwent what he describes as a "neurosurgery procedure" (*id*. at 3). At some point between November 2015 and July 2016, he underwent a second surgery. On July 7, 2016, he was finally provided with dentures. They did not initially fit and required some modification. Further, Plaintiff claims that he continued to experience serious dental problems through the date he filed this action (*id*.). However, he does not expand upon this statement. Plaintiff seeks only monetary damages (*id*. at 6).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following enumerated count:

> **Count 1:   Defendants, by and through the negligence or deliberate indifference of federal officials at FCI-Greenville, are liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for denying Plaintiff necessary dental care and dentures for a period of more than four years beginning in 2012.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion as to the merits of this claim.

**Discussion**

A federal prisoner may seek relief for the misconduct of federal officials in one of three ways. He may bring a suit against the United States under the FTCA based on conduct of federal officials that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may also bring a suit against the individual federal officials who violated his constitutional rights under the theory set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Id.* Alternatively, he may bring both types of claims in a single suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991).

Plaintiff focuses only on an FTCA claim in his Complaint. Although the allegations allude to an Eighth Amendment deliberate indifference claim, Plaintiff fails to name any particular individual in connection with this claim in the case caption of his Complaint. Absent an identifiable defendant who personally participated in a violation of his constitutional rights, Plaintiff cannot proceed with a claim under *Bivens*. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005) (pro se federal inmate's Complaint asserting an FTCA claim against United States could not be deemed to assert a *Bivens* claim against individual federal employees who were not specified in the case caption). This Order therefore focuses only on the FTCA claim.

Federal prisoners may bring suit pursuant to the FTCA for injuries they sustain as a result of the negligence of prison officials. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). According to the Seventh Circuit:

> The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

> 28 U.S.C. § 1346(b)(1). Pursuant to this provision, federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials. *United States v. Muniz*, 374 U.S. 150, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1963). However, the plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a).

*Palay*, 349 F.3d at 425. *See also Massey v. United States*, 312 F.3d 272, 280 (7th Cir. 2002). Plaintiff's FTCA claim arises from injuries he sustained as a result of the allegedly negligent conduct of dentists and other HSU staff at FCI-Greenville.

However, he cannot proceed with this claim against the Department of Justice. An action under the FTCA must be brought against the United States, in its own name, and not in the name of a federal agency, even when that agency has a statutory power to sue and be sued. *Hughes v. United States*, No. 11-CV-800-WDS, 2013 WL 750057, at *1 (S.D. Ill. Feb. 27, 2013) (citations omitted). The only proper defendant is the United States. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States."); 28 U.S.C. § 2679(b)(1)).

Plaintiff also cannot proceed with his FTCA claim against the United States at this time. FTCA claims are governed by the substantive law of the state in which the alleged tort occurred, *i.e.*, Illinois. A federal inmate bringing an FTCA claim based on medical negligence or medical malpractice that occurred in Illinois must comply with 735 ILCS § 5/2-622. Under Section 2-622, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the Complaint, declaring one of the following:

(1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the Complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. § 5/2-622(a).[1]  A separate affidavit and report shall be filed as to each official.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Plaintiff failed to file the required certificate or affidavit with his Complaint and he cannot proceed with his claim in Count 1 unless he does so.  *See* 735 ILCS 5/2-622.  Failure to file the affidavit or certificate is grounds for dismissal of the claim.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  The Court has discretion to dismiss the claim with or without leave to amend.  "[A] sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend h[is] complaint to comply with § 2-622 before h[is] action is dismissed with prejudice."  *Cammons v. West Suburban Hosp. Med. Ctr.*, 301 Ill. App. 3d 939, 704 N.E.2d 731, 738 (Ill. App. Ct. 1998).

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

Under the circumstances, the FTCA claim against the United States shall be dismissed. However, the dismissal shall be without prejudice at this time and Plaintiff will be allowed 28 days (**on or before November 14, 2016**) to file the required affidavit if he wishes to revive the FTCA claim.  Should Plaintiff fail to timely file the required affidavit(s), the dismissal of Count 1 and of this action shall become a dismissal with prejudice.  *See* FED. R. CIV. P. 41(b).

In summary, Count 1, which consists only of an FTCA claim, shall be dismissed without prejudice against the United State and with prejudice against the Department of Justice. In addition, any claim under *Bivens* is considered dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  This includes dismissal of **COUNT 1** against Defendant **UNITED STATES OF AMERICA** without prejudice and against the **DEPARTMENT OF JUSTICE** with prejudice.  In addition, any claim brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), is **DISMISSED** without prejudice from this action.

**IT IS ALSO ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" that includes the affidavit(s) required under 735 ILCS § 5/2-622, if he wishes to pursue a claim for monetary damages against the United States under the Federal Tort Claims Act.  The First Amended Complaint (including affidavit(s)) is due **on or before November 14, 2016**.  Should Plaintiff fail to file his First Amended Complaint, along with the affidavit(s), within the allotted time, dismissal of Count 1 and of this action will become with prejudice.  *See* 735 ILL. COMP. STAT. § 5/2-622; FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128

F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Further, a "strike" may be assessed.  *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number on the first page (Case No. 16-917-SMY).  Plaintiff *may* simply re-file the original Complaint after labeling is "First Amended Complaint" and attaching the required affidavit(s), if he only intends to pursue an FTCA claim against the United States.  If he wishes to add claims pursuant to *Bivens*, Plaintiff will need to prepare a new complaint for filing along with the necessary affidavit(s).  Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  He should refrain from filing unnecessary exhibits.  Further, Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form along with a copy of the Complaint (Doc. 1).

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 11, 2016**

s/ STACI M. YANDLE<br>United States District Judge