**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROBERT ALLEN SLOAT,** ) | |
| **#09037-025,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00917-SMY |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Now before the Court for consideration is the First Amended Complaint filed by Plaintiff Robert Sloat. (Docs. 9, 9-1, 9-2). Plaintiff is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). He brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff alleges that he was denied necessary dental surgery and dentures for more than 4 years at FCI-Greenville, and that federal officials allegedly knew of and disregarded his urgent dental needs (Doc. 9-2, pp. 1-9). Plaintiff now seeks monetary damages against the United States for the negligence and/or deliberate indifference of these officials. (Doc. 9, p. 6).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

The factual allegations offered in support of the First Amended Complaint are set forth in an exhibit that Plaintiff refers to as a "Brief" in his Statement of Claim (Doc. 9, p. 5) and as a "Motion for Leave to File First Amended Complaint" on the face of the exhibit (Doc. 9-2, pp. 1-6). Plaintiff alleges that he underwent a dental screening at FCI-Greenville on April 9, 2012. (Doc. 9-2, pp. 1-2). "Health Services" determined that he was missing all 32 teeth and was also suffering from bleeding and infected gums. *Id*. Plaintiff indicated that he suffered from pain and problems chewing, swallowing and digesting food. *Id*.

On June 6, 2012, Plaintiff received a recommendation for a form of pre-prosthetic surgery referred to as "tori removal and mandibular [a]nterior vestibuloplasty." (Doc. 9-2, p. 2). On August 12, 2012, Doctor Hartnagel ordered radiographs, recommended removal of the mandibular "bilateral," and requested further pre-prosthetic evaluation. *Id*. Months passed

without further treatment. *Id*. On December 11, 2012, Plaintiff submitted a written inquiry regarding the status of his case and indicated that he was still waiting for oral surgery and dentures. *Id*. Years passed without surgery or dentures.

On August 7, 2015, Plaintiff returned to Health Services. (Doc. 9-2, p. 2). During the appointment, he complained of continued difficulty chewing and eating. *Id*. Plaintiff explained that he had been waiting for dentures for nearly 4 years. *Id*.

On August 12, 2015, the Chief Dental Officer once again determined that Plaintiff needed "[b]ilateral [m]andibular, and [t]ori [r]emoval" along with "[m]andibular [a]nterior [v]estibuloplasty." (Doc. 9-2, p. 2). Surgery was tentatively scheduled for November 2, 2015. *Id*. Plaintiff's dental records from that date reveal the same diagnosis as the one he received on June 6, 2012. (Doc. 9-2, p. 3). Doctor Hartnagel's records include a similar note dated October 9, 2015. *Id*. On the same date, Plaintiff's case was finally referred to the regional office for approval. *Id*. On or around November 18, 2015, Plaintiff underwent a "neurosurgery procedure." *Id*. At some point between November 2015 and July 2016, he underwent a second surgery that Doctor Swanson originally said Plaintiff could undergo at the same time as his first surgery. *Id*.

Plaintiff finally received dentures on July 7, 2016. (Doc. 9-2, p. 3). However, they did not fit and required modification. *Id*. Plaintiff's dentures have since caused him to suffer from "serious problems." *Id*.

He now brings an FTCA claim against the United States based on the negligence and/or deliberate indifference of officials in Health Services at FCI-Greenville, including Doctors Hartnagel and Swanson. (Docs. 9, 9-1, 9-2). He seeks monetary relief. (Doc. 9, p. 6).

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* First Amended Complaint into the following enumerated count:

> **Count 1 -** Defendants, by and through the negligence of federal officials at FCI-Greenville, are liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for denying Plaintiff necessary dental care and dentures for a period of more than 4 years beginning in 2012.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding the merits of this claim.

A federal prisoner may seek relief for the misconduct of federal officials by bringing a suit against the United States under the FTCA based on conduct of federal officials that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). Alternatively, he may bring a suit against the individual federal officials who violated his constitutional rights under the theory set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Or, he may bring both types of claims in a single suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991).

This suit is limited to a claim under the FTCA against the United States. Although the allegations allude to both an FTCA claim and an Eighth Amendment deliberate indifference claim, Plaintiff fails to name any particular individual in connection with an Eighth Amendment claim in the case caption of his First Amended Complaint. He names the United States as the only defendant. This defendant is properly named in connection with an FTCA claim, but not in

connection with a claim brought pursuant to *Bivens*.  See *Myles v. United States*, 416 F.3d 551 (7th Cir. 2005) (pro se federal inmate's complaint asserting an FTCA claim against United States could not be deemed to assert a *Bivens* claim against individual federal employees who were not specified in the case caption).  This action is therefore limited to an FTCA claim against the United States.

The FTCA allows "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials."  *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).  State tort law of the state where the tort occurred applies when determining "whether the duty was breached and whether the breach was the proximate cause of the plaintiff's injuries."  *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

In this case, Illinois law applies to Plaintiff's claim.  In order to state a claim for negligence under Illinois law, the First Amended Complaint must allege facts sufficient to establish that the defendant owed the plaintiff a duty of care, breached that duty and that the breach was the proximate cause of the plaintiff's injury.  *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)).  The First Amended Complaint suggests that Doctor Hartnagel and Doctor Swanson, among others employed in Health Services at FCI-Greenville, responded to Plaintiff's dental needs with negligence and/or deliberate indifference.  These allegations support a claim against the United States under Count 1.

In order to pursue an FTCA claim based on medical negligence or medical malpractice that occurred in Illinois, an inmate must also comply with 735 ILCS § 5/2-622. Under Section 2-622, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the Complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a).[1] A separate affidavit and report shall be filed as to each official. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Plaintiff failed to file the required certificate or affidavit with his Complaint. He was granted leave to file a First Amended Complaint that complies with 735 ILCS § 5/2-622. He has attempted to do so by filing "Affidavits" with his First Amended Complaint. (Doc. 9-1, p. 1-14).

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

Whether the self-described "Affidavits" satisfy 735 ILCS § 5/2-622 remains to be determined. For now, the FTCA claim in Count 1 shall proceed against the United States.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed with his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, in **COUNT 1** against Defendant **UNITED STATES OF AMERICA**.

**IT IS FURTHER ORDERED** that all claims brought pursuant to *Bivens* are considered **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the Office of the United States Attorney for the Southern District of Illinois a copy of the Summons, the First Amended Complaint (Docs. 9, 9-1, 9-2), and this Memorandum and Order, and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the Summons, the First Amended Complaint (Docs. 9, 9-1, 9-2), and this Memorandum and Order.

Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the U.S. Attorney. Any paper received by a district judge or a magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 3/6/2017

                                                  s/Staci M. Yandle
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**