# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT ALLEN SLOAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-917 SMY-RJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 15). Plaintiff Robert Allen Sloat is an inmate housed at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). For the following reasons, the motion is **GRANTED**.

Plaintiff filed this action on August 15, 2016, alleging violations of his constitutional and statutory rights. (Doc. 1). He now proceeds on a single medical negligence claim for the denial of dental care, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. (Doc. 9). Defendant seeks to dismiss Plaintiff's claim with prejudice, on the bases that Plaintiff's purported affidavit of merit does not satisfy Illinois law and that Plaintiff has had ample opportunity to comply with the affidavit requirement. (Doc. 15).

"The FTCA requires courts to consult state law to determine whether the government is liable for its employees' torts." *Makowski v. United States*, 27 F. Supp. 3d 901, 916 (N.D. Ill. 2014). Illinois law requires a plaintiff to obtain certification from a medical professional that a case has merit, prior to commencing a medical malpractice or similar action. 735 ILCS. § 5/2-622; *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). "[W]hen a plaintiff fails to attach a certificate and report, then a sound exercise of discretion mandates that the plaintiff be at least

afforded an opportunity to amend her complaint to comply with section 2–622 before her action is dismissed with prejudice." *Sherrod*, 223 F.3d at 614.

This Court screened Plaintiff's original Complaint and dismissed his medical negligence claim without prejudice on October 11, 2016, for failure to file the affidavit/certificate of merit. (Doc. 8). Plaintiff was advised that if he did not file the required affidavit within 28 days, his claim would be dismissed with prejudice. (*Id.* at 7).

On November 15, 2016, Plaintiff filed an Amended Complaint, to which the required affidavit was purportedly attached. (Doc. 9). The Court screened Plaintiff's Amended Complaint on March 6, 2017, acknowledged the purported affidavit, and allowed Plaintiff's claim to proceed; reserving the determination of whether the purported affidavit complied with Illinois law for a future date. (Doc. 10).

Upon review, Plaintiff did not attach the required affidavit, but instead attached his dental records. (Doc. 9-1). Plaintiff maintains that the Court should consider the fact that he is a pro se litigant. But the statute that requires a medical affidavit expressly applies to pro se litigants. 735 ILCS § 5/2-622(a) ("In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit . . . "). Because Plaintiff has failed to submit a medical affidavit, his medical negligence claim will be dismissed. Additionally, because he has had ample opportunity to submit the affidavit, the dismissal will be with prejudice.

For the foregoing reasons, Defendant United States of America's Motion to Dismiss (Doc. 15) is **GRANTED**, and Plaintiff's medical negligence claim (Count 1) is **DISMISSED with prejudice**. Because there are no remaining claims, the Clerk of Court is **DIRECTED** to

enter judgment against Plaintiff Robert Allen Sloat and in favor of Defendant United States of America and to close this case.

**IT IS SO ORDERED.**

**DATED: December 7, 2017**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**